JOHN C. WEGNER,
Referee.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

DOMENICO DE SANTIS, PETITIONER, v. TURNER CONSTRUCTION COMPANY, RESPONDENT.

Decided August 11, 1937.

For the petitioner, John Donadio.

For the respondent, McDermott, Enright and Carpenter (by Carl S. Kuebler).

In the case sub judice petition was filed under date of September 25th, 1935, alleging an increased disability.

A review of the case develops the fact that petitioner was originally paid on the basis of fifteen per cent. of total. Subsequently a petition was filed alleging that compensation paid on that basis was inadequate and that petitioner's disa-

bility was one hundred per cent. of total. After several hearings being held and a careful consideration of the testimony of both doctors for the petitioner and respondent, I was of the opinion that petitioner's disability was fifty per cent. of total and entered judgment accordingly signing determination and order to that effect July 31st, 1934.

At that time I had the opportunity to observe the petitioner while testifying as well as during the course of the trial. We had an individual injured in an accident, he presented himself at the trial, while testifying he was not alert or over intelligent, yet the fact remained he had the use of his arms and legs. His locomotion was good. He understood the questions propounded by both counsel, he had been a laborer all his life and I was of the opinion at that time that as a working unit he could perform work of some nature. True he had a disability and I found accordingly. Dr. Hinsie Leland Earl in his testimony of May 3d, 1934, marked *R-1* in evidence was of opinion as he stated "could putter around."

We now find that circumstances have changed. Petitioner is confined to the Pilgrim State Hospital, Brentwood, Long Island, New York, where he has been confined since November, 1935. Dr. Louis Kiss, a physician stationed at that institution, testified that he had petitioner under his observation, saw him approximately twice each day and stated petitioner was suffering from a conversion neurosis, that he could do some work about the institution but could not mingle in society or carry out the usual pursuit of life unguarded.

Dr. Andrew Ruoff, who examined petitioner in 1934 and again in June, 1937, testified that petitioner's disability both from a mental and physical standpoint was such as to prevent him from doing any work whatsoever. That there had been a change since his first examination, that his disability had increased and he was totally disabled.

Dr. Dowd, who testified for the respondent, was of the opinion that the man allegedly feigned the reaction to numerous tests he made. His diagnosis was that of conversion hysteria and malingering.

Dr. John Sheehan, who testified at the first hearing and who examined the petitioner under date of May 10th, 1937, was most emphatic in his testimony that petitioner was a malingerer. He was of the opinion that petitioner should not be in the institution and that he could work. He admitted petitioner suffered from a conversion neurosis and further stated he was an unconscious malingerer and the condition was hysterical.

The fact remains the petitioner is institutionalized. He is unfit to mingle with his fellow men.

Petitioner is in institution for the reason that those in charge feel he is unfitted to enjoy the freedom of unrestriction regardless of whether or not he can perform certain duties about the institution he is still as a working unit totally disabled.

I am of the opinion that petitioner is totally disabled and entitled to compensation payable on that basis.

\*      \*      \*      \*      \*      \*      \*

If at the end of the payment of compensation on above basis petitioner is still totally disabled, he shall submit himself to such physical or educational rehabilitation as may be ordered by the rehabilitation commission of the state and if at that time it is determined it is impossible for him to obtain wages or earnings equal to those earned at the time of the accident, compensation shall be paid in accordance with paragraph B, section 11 of the Workmen's Compensation Act.

JOHN C. WEGNER,
*Referee.*